IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

KHALI DEVONTEE FELTON,

    Plaintiff.                                                Case No.:

vs.

WINTER PARK POLICE DEPARTMENT

And AMY DICARLO

    Defendants.

_____/

## COMPLAINT

Comes now the Plaintiff, Khali Devontee Felton, by and through undersigned counsel and sues the above-named Defendants, WINTER PARK POLICE DEPARTMENT and AMY DICARLO, and in support thereof states as follows:

## THE PARTIES

1. PLAINTIFF, KHALI DEVONTEE FELTON, ("Plaintiff" and/or "Mr. Felton"), is a citizen of the United States, a resident of the State of Florida, City of Orlando, residing at 6530 Metrowest Boulevard, Apt 605.

2. DEFENDANT, WINTER PARK POLICE DEPARTMENT, ("Defendant" and/or "Winter Park Police"), is a public police department located in Orlando, Florida and was responsible for the policy, practice supervision, implementation and conduct of all Winter Park Police matters and was responsible for the training, supervision and conduct of all Winter Park Police personnel, including the Police personnel referenced herein.

3. At all times relevant hereto, WINTER PARK POLICE DEPARTMENT was, and at all times relevant hereto is, responsible for enforcing the rules of the Department and

1

ensuring that Winter Park Police personnel obey the laws of the United States and the State of Florida.

4. DEFENDANT, AMY DICARLO, ("Detective DiCarlo") at all relevant times hereto, was employed by the Winter Park Police Department, acting in the capacity of agent, servant and employee of WINTER PARK POLICE DEPARTMENT, and within the scope of her employment as such.

5. At all times relevant hereto, defendants JOHN and JANE DOES 1-10, said names being fictitious and presently unknown, were police officers, detectives, 911 operators/dispatchers, servants, agents, employees and/or representatives of WINTER PARK POLICE DEPARTMENT, and within the scope of their respective employments as such.

6. Defendants, AMY DICARLO, and JOHN or JANE DOES 1-10 are sued in their individual capacity as well as in their capacity as agents, officers, servants and employees of WINTER PARK POLICE DEPARTMENT.

## FACTS RELEVANT TO ALL COUNTS

7. On March 23, 2019, an unknown individual walked into the Orlando Watch Company ("Orlando Watch"), located at 329 N Park Avenue, Suite 103, Winter Park, Florida, and spoke with Scott Heisler ("Mr. Heisler"), regarding a Rolex watch that was on display in the store.

8. As Mr. Heisler handed the Rolex watch to the individual, the individual suddenly ran out of the door of Orlando Watch.

9. On or about said date, the Winter Park Police began an investigation into the subject individual who committed the subject theft against Orlando Watch.

10. Mr. Heisler described the individual to police as having a description of approximately 30 years of age, a black male, with a height of approximately six feet and three inches tall, with short hair, a trimmed beard, braces, and wearing a blue shirt with the word "Versace" on it.

11. On said date and place, video surveillance captured the incident and Orlando Watch provided the said surveillance footage to the Winter Park Police. The video surveillance matched the description Mr. Heisler provided to Winter Park Police.

12. In response to a call for a follow up, Officers Greg Geradi and Christopher Belcore responded to the scene where they met Orlando Watch employee, Nicholas Coursey ("Mr. Coursey"), and Mr. Coursey advised that he received a tip from an anonymous caller who stated that the subject who stole the Rolex watch was an individual named Khali Felton, however, Mr. Coursey could not provide any other information nor the source of this anonymous caller.

13. As a result of this anonymous tip, Mr. Coursey conducted a search for the name "Khali Felton" on the Orange County Mugshots website.

14. On May 24, 2019, Mr. Coursey contacted the Winter Park Police and provided a sworn written statement where he identified Khali Felton as the suspect.

15. Mr. Coursey wrote and signed a sworn statement identifying Khali Felton as the suspect, after he received the anonymous phone call who told Mr. Coursey that Mr. Felton had stolen the Rolex.

16. According to the Winter Park Police report, on May 24, 2019, prior to Mr. Coursey contacting the Winter Park Police with an identification, Detective DiCarlo received an anonymous Crimeline tip, indicating that Khali Felton had committed the theft of the Rolex watch.

17. On May 24, 2019, Detective Paul Foster of the Winter Park Police presented a six-panel photographic line-up to Mr. Coursey.

18. Mr. Coursey selected photograph number three (3) as the individual who committed the theft.

19. On May 28, 2019, Detective David Graham of the Winter Park Police presented a six-panel photographic line-up to Mr. Heisler. Mr. Heisler informed that the individual who committed the theft was not in the lineup stating "#3 looks like him but that is not him."

20. On the same day, Agent Henry Amole and Agent Wendi Fernandez of the Orange County Sheriff's Office (OCSO) Fugitive Unit provided sworn written statements dictating that

3

they reviewed the video surveillance provided to Detective DiCarlo by Orlando Watch, and were able to positively identify the subject that stole the Rolex watch as Khali Felton. Agents Amole and Fernandez recognized Mr. Felton as the same subject that they arrested on May 23, 2019, for an unrelated warrant.

21. On May 28, 2019, Detective DiCarlo presented an application and affidavit of arrest warrant to the Honorable Judge Jeffrey L. Ashton of the Ninth Judicial District, where the application was granted.

22. Pursuant to Detective DiCarlo's application, Mr. Felton was arrested for Grand Theft in violation of Florida State Statute 812.014 (2b1).

23. Detective DiCarlo's Application and Affidavit for Arrest Warrant omitted the fact that Mr. Coursey told police that he received an anonymous call where the caller told him that Mr. Felton had committed the theft, before Mr. Coursey was administered the lineup.

24. Detective DiCarlo's Application and Affidavit for Arrest Warrant omitted the fact that Mr. Coursey told police that after he received the anonymous call, Mr. Coursey googled Mr. Felton and found a mugshot of him, before Mr. Coursey was administered the lineup.

25. Mr. Felton proceeded to a jury trial, where the jury rendered a verdict of "not guilty" on March 17, 2021.

26. Mr. Heisler was the employee who spoke to the suspect and showed the suspect the Rolex watch during the incident, and Mr. Heisler told the Winter Park Police that Mr. Felton was not the perpetrator.

27. Despite the fact that Winter Park Police had no probable cause to pursue the prosecution against Mr. Felton for the theft of the Rolex watch, the Winter Park Police pursued prosecution regardless.

28. As a direct and proximate result of the actions of the Winter Park Police as well as its agents, officers, servants and employees', Mr. Felton has suffered damages including pain and suffering, mental anguish, lost wages, loss of capacity to the enjoyment of life, all of which are continuing and permanent in nature.

29. All conditions precedent to bringing this action have occurred.

# FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42. U.S.C 1983-MALICIOUS PROSECUTION
### (Against Defendants)

30. Plaintiff hereby re-alleges, re-affirms and incorporates every allegation contained in the preceding paragraphs, as though fully set forth herein.

31. The Eleventh Circuit has recognized a federal malicious prosecution claim under Section 1983 that requires the Plaintiff to prove the elements of common law malicious prosecution and a violation of the Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

32. In Florida, it is well-settled that a malicious prosecution action requires the occurrence of the following five elements (1) a criminal or civil judicial proceeding was commenced against the plaintiff; (2) the proceeding was instigated by the defendant; (3) the proceeding ended in favor of the plaintiff; (4) the proceeding was instigated with malice or without probable cause; and (5) the plaintiff suffered damages as a result of the defendant's filing of the litigation. *Kalt v. Dollar Rent-A-Car*, 422 So. 2d 1031 (Fla. 3d DCA 1982).

33. The Defendants abused the legal process when they brought a baseless and frivolous lawsuit against Plaintiff. The application for an arrest warrant, filed by Winter Park Police, represented by Detective DiCarlo, had no probable cause. Also, Mr. Heisler failed to identify the Plaintiff in the line-up saying "#3 looks like him but that is not him".

34. Mr. Coursey's positive identification was cited in the application for arrest warrant despite Mr. Coursey receiving an anonymous phone call before being administered the lineup. Detective DiCarlo's application for an arrest warrant was filed after Mr. Coursey was tainted by an anonymous phone call which implicated the Plaintiff.

35. As such, a reasonable doubt as to the guilt of Plaintiff arose when there was a conflict in the evidence, or the lack of evidence.

36. Subsequently, the frivolous lawsuit was terminated in favor of Plaintiff, who now brings the malicious prosecution claim against the Defendant and its agents, officers, servants and employees'.

37. In this case, the issue of probable cause is in dispute and Plaintiff produced evidence from which a jury could infer that Mr. Coursey intentionally provided false information to Winter Park Police in violation of Florida Statute § 837.05(1) (a).

38. The Defendants maliciously prosecuted the Plaintiff in order to intimidate, harass, defame, or otherwise injure the Plaintiff. There was clearly a lack of probable cause before the Winter Park Police applied for an arrest warrant. Winter Park Police relied solely on Mr. Coursey's statement and falsely accused Plaintiff of committing the offense of theft.

39. The Defendants actively participated along with Mr. Coursey in the decision to bring an unwarranted claim against the Plaintiff.

40. As a result of the Defendant's breach of duty, the Plaintiff had to spend 1 year, 9 months, 17 days in Orange County Jail, which proximately caused the Plaintiff mental pain, emotional distress, intimidation, harassment, defamation, loss of enjoyment of life or otherwise injury.

41. The Plaintiff has retained the undersigned counsel in this proceeding in vindication of his civil rights. As such, the Plaintiff requests an award of reasonable attorney's and expert fees upon prevailing, according to 42 U.S.C 1988 (b).

42. As a result of the Defendant's violation of above said Federal Statutes, the Plaintiff is entitled to damages in an amount to be proven at trial, according to 42 U.S.C § 1983.

## **SECOND CAUSE OF ACTION**

**NEGLIGENCE PURSUANT TO FLORIDA STATUTE 768.28.**

**(Against All Defendants)**

43. Plaintiff hereby re-alleges, re-affirms and incorporates every allegation contained in the preceding paragraphs, as though fully set forth herein.

44. In Florida, it is well-settled that four elements are necessary to sustain a negligence claim: (1) a duty, or obligation, recognized by the law, requiring defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required: a breach of duty; (3) a reasonably close causal connection between the conduct and the resulting injury known as "legal cause," or "proximate cause," and which includes the notion of cause in fact; and (4) actual loss or damage. *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).

45. The Defendants owed a duty to conform to a certain standard of conduct, and to protect the Plaintiff against unreasonable risks.

46. However, the Defendants breached their duty of care owed to the Plaintiff by applying for an arrest warrant without probable cause.

47. As a result of the Defendant's breach of duty, the Plaintiff had to spend 1 year, 9 months, 17 days in Orange County Jail, which proximately caused the Plaintiff, mental pain, emotional distress, intimidation, harassment, defamation, loss of enjoyment of life or otherwise injury.

48. Defendant's breach of duty further proximately caused Plaintiff damages, including, attorney's fees, and lost wages amounting to a total of $60,000.

49. As a direct and proximate result of the violation of above said Florida Statutes by Winter Park Police as well as its agents, officers, servants and employees', Plaintiff is entitled to damages in an amount to be proven at trial, according to Florida Statute § 768.28.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Khali Devontee Felton prays for judgment against the Defendants Winter Park Police Department and Amy Dicarlo, as follows:

1. For compensatory damages, including damages for financial loss(es), mental and emotional distress, and other general and special damages according to proof at trial;
2. For actual damages of $200,000 plus costs, interest and attorney fees as set forth in F.S. 768.28;
3. For costs of suit herein incurred; and
4. For such other relief that the Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been hand delivered this 17th day of March 2022, to the Winter Park Police Department and Amy Dicarlo at 500 N Virginia Ave. Winter Park FL, 32789-3136.

Respectfully Submitted,

/S/ ZEFFERY A. MIMS, ESQUIRE
Zeffery A. Mims, Esquire
Florida Bar No.: 1002319
618 E. South Street Suite 500
Orlando, FL 32801
(954) 495-0465
zefferymims@gmail.com