# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KHALI DEVONTEE FELTON,**

               **Plaintiff,**

**v.**                                          **Case No: 6:22-cv-898-RBD-DAB**

**WINTER PARK POLICE
DEPARTMENT,
THE CITY OF WINTER PARK, and
AMY DICARLO,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **ALL DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS, OR, ALTERNATIVELY, MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW (ECF 5).** |
| **FILED:** | **May 16, 2022** |

**It is RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

      Orlando Watch Company is a store in Winter Park, Florida. (ECF 1-1 ¶ 7). In March 2019, someone entered the store and stole a Rolex watch. *Id.* The theft was investigated by the Winter Park Police Department ("WPPD"). Detective Amy DiCarlo obtained an arrest warrant for Khali Felton, charging him with this theft. *Id.* ¶¶ 11–21. At trial, a jury found Felton not guilty of the theft.

*Id.* ¶ 25.

Felton believes he was prosecuted without probable cause and without reasonable care. *Id.* ¶ 27. He sued Detective DiCarlo, the City of Winter Park, and the WPPD for malicious prosecution and negligence. *Id.* ¶¶ 38, 46. Felton—through process server Holly Vicens— asserts that he served DiCarlo on April 22, 2022. (ECF 1-3 at 48). In the Return of Service, Vicens attests that she delivered the summons, complaint, and state court documents to "Maribel Gonzalez as designated employee, a person employed therein and authorized to accept service for Amy DiCarlo." *Id.* at 48. Three days later, Vicens attempted to serve the WPPD and City of Winter Park. *Id.* at 34. Vicens attests that she delivered the same documents to the same person—Maribel Gonzalez, "a designated employee for the Winter Park Police Department." (ECF 1-3 at 34).[1]

All Defendants now move to quash service of process. (ECF 5). Alternatively, they ask the Court to dismiss the Complaint for substantive and procedural reasons. *Id.* at 7–23. For the reasons below, the Motions should be granted in part and denied in part.

## II.  DISCUSSION

### A.  The WWPD is not a proper party to this case

As an initial matter, the WPPD is not a proper party defendant. The capacity to sue or be sued is determined by state law. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Under Florida law, police departments are not legal entities amenable to suit." *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008). Instead, they are "municipal departments"— legal entities created by the city to fulfill the city's policing function, with no legal existence separate

---

[1]  The return of service indicates that Felton served the WPPD. (ECF 1-3 at 34). As explained below, the WWPD is not amenable to suit. The real party in interest is the City of Winter Park, who is a party to this case. Accordingly, the Court will assume that service on the WWPD was an attempt at service on the City of Winter Park.

and apart from the city. *Id.*; *see also Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). The WPPD is clearly a municipal department through which the City of Winter Park fulfills its policing function. *See* City of Winter Park Code, §§ 2-156(2), 2-157(a), 2-158 (creating the "department of police" and prescribing its policing responsibilities). It is not amenable to suit, and the Winter Park Police Department should be dismissed as a party defendant. *See Green v. Roesner*, No. 6:06-cv-00378-GAP-KRS (July 19, 2006) (ECF 25) (dismissing the WPPD as a party defendant because it is not amenable to suit).

### B. Motion to Quash

Felton sues Amy DiCarlo individually because, according to him, she omitted pertinent facts in her warrant affidavit. (ECF 1-1 ¶¶ 33–24, 46). Felton also sues DiCarlo in her official capacity as an employee of the WPPD. *Id.* ¶ 6. Official-capacity suits against municipal officers are functionally equivalent to suits against the municipality. *Ludaway v. City of Jacksonville, Fla.*, 245 F. App'x 949, 951 (11th Cir. 2007) ("Because Ludaway has named the Officers as defendants in their official capacities, his complaint against the Officers is essentially a complaint against the City."); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, Felton's official-capacity suit against DiCarlo is effectively an action against the City of Winter Park.

DiCarlo and the City of Winter Park both move to quash service of process. (ECF 5). In analyzing motions to quash, courts employ a burden-shifting framework. First, the defendant must identify why service of process was procedurally deficient under Fed. R. Civ. P. 4. *Sobek Therapeutics, LLC v. SVADS Holdings SA*, 303 F.R.D. 409, 412 (M.D. Fla. 2014). The burden then shifts to the plaintiff, who must make a prima facie case of proper service. *Atlantis Marine Towing Salvage & Servs., Inc. v. Escapade Marine Ventures*, No. 19-20783-CIV, 2020 WL 7427023, at *2 (S.D. Fla. Dec. 1, 2020). On such a showing, the burden shifts back to the defendant, who must

bring strong and convincing evidence of insufficient process. *Daise v. Brit. Consulate Gen. Miami Crown Prosecution Servs. for Foreign Commonwealth Off.*, No. 6:20-cv-1754-WWB-EJK, 2022 WL 598038, at *1 (M.D. Fla. Jan. 21, 2022).

### 1. Amy DiCarlo, individually

Service on an individual can be accomplished by delivering a copy of the summons and complaint to an agent "authorized by appointment or by law to receive service." Fed. R. Civ. P. 4(e)(2)(C).[2] Felton claims he perfected service on DiCarlo by delivering the documents to Maribel Gonzalez. (ECF 16 at 4–5). However, DiCarlo asserts that Gonzalez, a mere employee of the WPPD, was not an agent authorized by law to receive service on her behalf. (ECF 5 at 7). Because DiCarlo identifies why service was purportedly deficient, the burden shifts to Felton, who must make a *prima facie* case of proper service.

Felton makes his case by pointing to the return of service. A signed return of service that is regular on its face constitutes *prima facie* evidence of valid service. *Atlantis*, 2020 WL 7427023, at *2; *Rivera v. Detail USA, Inc.*, No. 3:08-cv-1043-MMH-JK, 2009 WL 10670365, at *2 (M.D. Fla. Feb. 11, 2009); *Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, No. 12-20013-CV, 2012 WL 12996614, at *2 (S.D. Fla. Mar. 6, 2012). Here, Vicens attests in the return of service that Gonzales was "a person . . . authorized to accept service for Amy DiCarlo." (ECF 1-3 at 48). DiCarlo does not challenge the facial regularity of the return. Therefore, the return of service is *prima facie* proof that service was proper under Rule 4(e)(2)(C), shifting the burden of proof back to DiCarlo, who must bring strong and convincing evidence that service was insufficient. *Tracfone*, 2012 WL

---

[2] A plaintiff can also perfect service by following state law, delivering a copy of the summons and complaint to the individual personally, or leaving a copy of each at the person's dwelling or usual place of abode with someone of suitable age and discretion who also resides there. Fed. R. Civ. P. 4(e)(2)(A)–(B). It is clear from the return of service that Felton did not perfect service under any of these methods.

12996614, at *2.

DiCarlo has not carried her burden of proof sufficiently to support her Motion to Quash. DiCarlo's assertion that Gonzalez was not authorized by appointment to accept service on her behalf is not supported with any extrinsic evidence. *See Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (finding dismissal to be clear error because "no competent evidence existed in the record that could call into question the *prima facie* validity of service"); *Atlantis*, 2020 WL 7427023, at *3 (refusing to quash service when the defendant failed to proffer any sworn statements, documentation, or other evidence to rebut the return of service). DiCarlo could have submited a sworn affidavit or declaration from herself or Gonzalez that describes their relationship, or any other evidence demonstrating that service of process was incorrect. *See, e.g.*, *Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (quashing service of process because the officer submitted a declaration stating that he did not authorize anyone at his workplace to receive service on his behalf). DiCarlo's conclusory assertion in her Motion to Quash that Gonzalez was not authorized to accept service is insufficient to rebut the presumption of proper service. DiCarlo's Motion to Quash should be denied.

### 2.  City of Winter Park/DiCarlo in her official capacity

The City of Winter Park is a municipal corporation. *See* City of Winter Park Charter, § 1.03. Service of process upon the City is governed by Federal Rule of Civil Procedure 4(j)(2).[3] *Craft v.*

---

[3] Courts disagree on whether service of process in official-capacity suits is governed by Rule 4(j)(2), which governs service upon the state, or Rule 4(e), which governs service upon an individual. *Compare Randall v. Crist*, No. 5:03-cv-00220-MP-WCS, 2005 WL 5979678, at *2 (N.D. Fla. Nov. 1, 2005) (concluding that state officials sued in their official-capacity are not subject to service under Rule 4(e)); *Paylan v. Bondi*, No. 8:15-cv-1366-CEH-AEP, 2015 WL 12819148, at *1 (M.D. Fla. Nov. 9, 2015) (stating that "suit against an individual acting in their official capacity requires service pursuant to Federal Rule of Civil Procedure Rule 4(j)(2) since the suit is, in effect, against the city or municipality"); *Wilkinson v. Tucker*, No. 12-cv-80404, 2016 WL 8453924, at *2 (S.D. Fla. Jan. 19, 2016), *with Gueli v. United States*, No. 8:06-cv-1080-JDW-MAP, 2006 WL 3219272, at *4

*Olszewski*, No. 6:10-cv-260-ACC, 2010 WL 11515686, at *6 (M.D. Fla. May 12, 2010) *aff'd in part, vacated in part, rev'd in part,* 428 F. App'x 919 (11th Cir. 2011). That Rule provides two methods for perfecting service: (1) by delivering a copy of the summons and the complaint to the municipality's "chief executive officer" or (2) by serving a copy of each in a manner prescribed by state law. Florida law sets forth a hierarchy of individuals who can receive service for a municipal corporation:

> (1) Process against any municipal corporation . . . shall be served:
>    (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
>    (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;
>    (c) On any member of the governing board, council, or commission.

Fla. Stat. § 48.111.[4]

The City of Winter Park asserts that Felton failed to perfect service because Gonzalez is not its "chief executive officer," nor an official listed in § 48.111. To this, Felton offers no response. Felton's return of service does not constitute *prima facie* evidence that service was sufficient, once the City points to a flaw on its face. The return indicates that Maribel Gonzalez was a "designated employee for Winter Park Police Department." (ECF 1-3 at 34). But a police department employee

---

(M.D. Fla. Nov. 6, 2006) (An official capacity claim against a state official may be effected under the rules for individual capacity suits."); *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28-30 (1st Cir. 1988) (holding that Rule 4(e) governed service of suit against state official in his official capacity). DiCarlo argues that Rule 4(j)(2) applies—a conclusion that Felton does not challenge. Accordingly, the Court assumes *arguendo* that Rule 4(j)(2) is the exclusive avenue for service in an official capacity suit.

[4] Thirty days after DiCarlo moved to quash service, Governor DeSantis signed Senate Bill 1062 into law. Fla. SB 1062, § 9 (2022). The bill amends § 48.111 and changes the method for serving municipal corporations. The Court need not consider this new language because it was enacted after Felton's claim accrued. *See e.g.*, *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808748, at *3 (S.D. Fla. Jan. 19, 2016) (stating that service of process is governed by the applicable statute when the action accrued); *Griffis v. J. C. Penny Co.*, 333 So. 2d 503, 504 (Fla. 1st DCA 1976) (holding that service of process was governed by the long-arm statute in effect when the action accrued).

is not a designated official who may accept service for a municipal corporation under § 48.111. *Kosnitzky v. Fed. Deposit Ins. Corp.*, No. 10-23929-CIV, 2011 WL 13220935, at *2 (S.D. Fla. Sept. 8, 2011) (finding return of service insufficient when it failed to demonstrate that the recipient was designated to receive service on the government's behalf); *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-cv-1969-CEH-CPT, 2021 WL 1840769, at *4 (M.D. Fla. May 7, 2021).

Even if Gonzalez held a designated position which authorized her to accept service on behalf of the City, Vicens does not attest to the unavailability of the statutorily prescribed officials whom she should have served first, as required by statute. *Vinings Ins. Co. v. Vallery Custom Homes, Inc.*, No. 6:10-cv-601ORL-22KRS, 2010 WL 11626864, at *3 (M.D. Fla. Aug. 27, 2010) (finding return of service on designated employee insufficient because it did not specify the absence of the "statutorily prescribed superior classes of persons who may be served"); *Devs. Sur. & Indem. Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491-SCB, 2017 WL 3113469, at *2 (M.D. Fla. May 5, 2017) (quashing summons when the process server failed to assert the absence of the statutorily prescribed superior classes of persons). Felton's return of service does not provide *prima facie* proof that Felton perfected service on the City of Winter Park. Based upon this record, the summons on the City of Winter Park should be quashed for lack of proper service.

### III.   Motion to Dismiss

Because DiCarlo, in her individual capacity, was properly served, her Motion to Dismiss is addressed. DiCarlo contends that dismissal of the Complaint is warranted pursuant to Fed. R. Civ. P. 8 (a)(2) because the Complaint is a shotgun pleading. (ECF 5 at 9). The Court agrees.

A shotgun complaint "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's*

*Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Shotgun pleadings violate Rule 8(a)(2), which requires a "short and plain statement" showing entitlement to relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). Thus, "when a shotgun pleading is filed, repleader is required." *Ghost Controls, LLC v. Gate1Access LLC*, No. 5:20-cv-288-RBD-PRL, 2020 WL 8512858, at *1 (M.D. Fla. June 29, 2020); *Tufts v. Biltmore Invs., Ltd.*, No. 6:18-cv-572-RBD-DCI, 2018 WL 11249185, at *1 (M.D. Fla. Apr. 16, 2018) ("[W]hen confronted with a deficient pleading—especially a shotgun complaint—district courts must require the party to replead."); *Cardinal v. Haines City, Fla.*, No. 8:19-cv-3137-KKM-TGW, 2021 WL 3418814, at *2 (M.D. Fla. Aug. 5, 2021) (stating that "the Eleventh Circuit requires a district court to strike a shotgun pleadings *sua sponte*") (citation omitted).

Felton's Complaint is a classic shotgun pleading—Count II "re-alleges, re-affirms, and incorporates every allegation" in Count I. (ECF 1-1 at 7). For that reason, it should be dismissed without prejudice, and Felton should be granted leave to file an amended complaint that conforms with the Federal Rules of Civil Procedure. In filing the amended complaint, Felton should only incorporate the jurisdictional and factual allegations relevant to each respective count.[5] Finally, because the Complaint should be dismissed as a shotgun pleading, there is no need to reach the merits issues, such as failure to state a claim or qualified immunity, raised in Defendants' Motion to Dismiss. *Benetiz v. True Choice Telecom, LLC*, No. 6:19-cv-2148-RBD-GJK, 2020 WL 10058210, at *1 (M.D. Fla. Feb. 4, 2020) ("On review, the Court does not reach the merits of the Motion because the Complaint is a shotgun pleading."); *Toth v. Antonacci*, 788 F. App'x 688, 691

---

[5] The Complaint fails to comply with Local Rule 1.08's typography requirements—understandable, as it was first filed in state court. (ECF 1-3.) But on repleader, Felton must comply with all of the Local Rules.

(11th Cir. 2019) ("Because we agree it was proper for the district court to dismiss Toth's amended complaint on shotgun pleading grounds, we need not reach any of the merits issues in this case.").

## IV.  CONCLUSION

Because police departments are not amenable to suit under Florida law, the claims against the WPPD should be dismissed. The Motion to Quash should be denied with respect to DiCarlo in her individual capacity because she failed to proffer any evidence—much less "strong and convincing" evidence—that Gonzalez was not authorized to receive service on her behalf. The Motion to Quash should be granted with respect to the City of Winter Park and DiCarlo in her official capacity because Felton failed to make *prima facie* showing that Gonzalez could receive service on behalf of a municipality. Finally, the Motion to Dismiss as to claims against both Defendants should be granted because the Complaint is a shotgun pleading and does not comport with the requirements for a "short and plain statement of each claim, showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## REPORT AND RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED that:

a.  Defendants' Motion to Quash Service of Process (ECF 5) be **GRANTED in part** and **DENIED in part**. The Motion should be **GRANTED** to the extent that it seeks to quash service on the City of Winter Park and Defendant DiCarlo in her official capacity. Due to the lack of extrinsic evidence that Gonzalez was not authorized to accept service on DiCarlo's behalf, the Motion should be **DENIED** to the extent that it seeks to quash service on DiCarlo, individually.

b.  Pursuant to Fed. R. Civ. P. 8, Defendants' Motion to Dismiss (ECF 5) for failure to state a short and plain statement for the basis of relief should be **GRANTED.**

Plaintiff's Complaint should be dismissed without prejudice, and Plaintiff should be granted leave to amend the Complaint within 30 days following the District Court's ruling, if it adopts this Report and Recommendation. The balance of Defendants' Motion to Dismiss should be **DENIED as moot**; Plaintiff should take note of the issues raised as to each Defendant on the merits of his claims, and determine whether he has a factual and legal basis for each clearly stated claim. *See* Fed. R. Civ. P. 11.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.


August 2, 2022


_____                                              _____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record