UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KHALI DEVONTEE FELTON,

    Plaintiff,

v.                                                  Case No. 6:22-cv-898-RBD-DAB

WINTER PARK POLICE
DEPARTMENT; and AMY
DICARLO,

    Defendants.
_____

**ORDER**

In this malicious prosecution and negligence case, Plaintiff sued the Winter Park Police Department ("WPPD") and police detective Amy DiCarlo in her official and individual capacities. (*See* Doc. 1-1.) Defendants moved to quash service. (Doc. 5 ("Motion").) On referral, U.S. Magistrate Judge Celeste F. Bremer recommends granting the Motion in part. (Doc. 19 ("R&R").)

First, as to the parties themselves, Judge Bremer recommends that the WPPD should be dismissed because it is not amenable to suit as a municipal department; the City of Winter Park itself is the proper party. (*See* Doc. 19, pp. 2–3); *Williams v. Mia.-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008). As to DiCarlo, as a municipal officer, the suit against her in her official capacity is essentially a suit against the City and must be served accordingly. (Doc. 19, pp. 5–

1

6 & n.3); *see Ludaway v. City of Jacksonville*, 245 F. App'x 949, 951 (11th Cir. 2007).

Turning to service, Judge Bremer recommends finding that service on the municipal entity (and thus DiCarlo in her official capacity) was improper under Federal Rule of Civil Procedure 4(j)(2) because Plaintiff did not serve the municipality's CEO or another individual authorized to accept service under the applicable statute. (*See* Doc. 19, pp. 3–7.) As to DiCarlo individually, Judge Bremer recommends finding that service was proper because, even though someone else accepted service on her behalf, DiCarlo failed to carry her burden of showing that the recipient was not authorized to accept service. (*See id.* at 4–5.)

The parties did not object and the deadline has passed, so the Court examines the R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted in its entirety.[1]

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 19) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

2. Defendants' Motion (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** insofar as service on DiCarlo

---

[1] Judge Bremer also recommends that Plaintiff's complaint be dismissed as a shotgun pleading because each count incorporates the allegations of the preceding count. (*See* Doc. 19, p. 8.) Plaintiff should fix this deficiency on repleader.

2

in her official capacity is **QUASHED**.

b. The Motion is **DENIED** insofar as service on DiCarlo individually was proper.

c. The Motion is **GRANTED** insofar as the claims against the Winter Park Police Department are **DISMISSED WITH PREJUDICE** because it is not amenable to suit. The Clerk is **DIRECTED** to terminate the Winter Park Police Department as a party to the case.

d. The Motion is **GRANTED** insofar as the remaining claims in Plaintiff's Complaint (Doc. 1-1) are **DISMISSED WITHOUT PREJUDICE**. By **Wednesday, October 5, 2022**, Plaintiff may file an amended complaint against the City[2] and DiCarlo in her individual capacity[3] correcting the deficiencies identified in the R&R (Doc. 19). Failure to timely file will result in this action being closed without further notice.

---

[2] Assuming Plaintiff names the City on repleader, it must be properly served in accordance with the R&R.

[3] Because service on DiCarlo in her official capacity was quashed, the R&R did not reach the motion to dismiss on that claim. (*See* Doc. 19, p. 7.) Nevertheless, as the R&R points out, the official capacity claim against DiCarlo is duplicative of a claim against the City. (*Id.* at 5 n.3); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991). Assuming that Plaintiff repleads to assert a claim against the City, he should only assert an individual capacity claim against DiCarlo, not the duplicative official capacity claim.

3

      e.      In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 23, 2022.

ROY B. DALTON JR.
United States District Judge